IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

## No. 22-13321-HH

ENVIRONMENTAL PROTECTION COMMISSION OF HILLSBOROUGH
COUNTY

Appellant,

v.

MERCEDES BENZ USA, LLC, ET AL.

Appellees.

On Appeal from The United States District Court
for the Middle District of Florida, Tampa Division
Docket No. 8:20-cv-02238-VMC-MRM

## ORIGINAL BRIEF OF APPELLANT ENVIRONMENTAL PROTECTION COMMISSION OF HILLSBOROUGH COUNTY, FLORIDA

W. Daniel "Dee" Miles, III.
C. Lance Gould
Rachel N. Minder
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343
Dee.Miles@BeasleyAllen.com
Lance.Gould@BeasleyAllen.com
Rachel.Minder@BeasleyAllen.com
*Counsel for Appellant*

No. 22-13321-HH

**APPELLANT ENVIRONMENTAL PROTECTION COMMISSION OF HILLSBOROUGH COUNTY v. MERCEDES BENZ USA, LLC**

**Certificate of Interested Persons and Corporate Disclosure Statement**

The undersigned attorney of record for Appellant certifies, pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, 26.1-2, and 26.1-3, that the following is a complete list of persons and entities with an interest in the outcome of this case:

1. Barnett, III., H. Clay Barnett, Esq., counsel for Appellant

2. Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., counsel for Appellant

3. Blanco, Carolina Yvonne, Esq., counsel for Robert Bosch LLC

4. Cleary Gottlieb Steen & Hamilton LLP, counsel for Robert Bosch LLC

5. Daimler Aktiengesellschaft, Appellee and parent company of Daimler International Nederland B.V

6. Daimler International Nederland B.V., parent company of Daimler North America Corporation

7. Daimler North America Corporation, parent company of defendant Mercedes-Benz, USA, LLC

8. Environmental Protection Commission of Hillsborough County, Florida, Appellant

9. Fletcher, Stacie B., Esq., counsel for Appellees Mercedes-Benz USA, LLC and Daimler Aktiengesellschaft

10. Gardner Brewer Hudson, P.A., counsel for Appellant

11. Gibson, Dunn & Crutcher LLP, counsel for Appellees Mercedes-Benz USA, LLC and Daimler Aktiengesellschaft

12. Gilliland, Rebecca D., Esq., counsel for Appellant

13. Gould, C. Lance, Esq., counsel for Appellant

14. Gunster, Yoakley & Stewart, P.A., counsel for Appellees Mercedes-Benz USA, LLC and Daimler Aktiengesellschaft

15. Hawthorne, Alison D., Esq., counsel for Appellant

16. Helms, Tyner D., Esq., counsel for Appellant

17. Hill, Ward & Henderson, P.A., counsel for Robert Bosch LLC

18. Judge, Jr., William J., Esq., counsel for Robert Bosch LLC

19. Law Office of Thomas L. Young, P.A., counsel for Appellant

20. Lawson, Richard P., Esq., counsel for Appellant

21. Lee, Charity E., Esq., counsel for Robert Bosch GmbH

22. Mainoo, Abena, Esq., counsel for Robert Bosch GmbH

23. Mercedes-Benz USA, LLC, Appellee and subsidiary of Daimler North America Corporation

24. Miles, Lauren E., Esq., counsel for Appellant

25. Miles, III., W. Daniel "Dee", Esq., counsel for Appellant

26. Minder, Rachel N., Esq., counsel for Appellant

27. Munson, Gregory M., Esq., counsel for Appellees Mercedes-Benz USA, LLC and Daimler Aktiengesellschaft

28. Nelson, Daniel W., Esq., counsel for Appellees Mercedes-Benz USA, LLC and Daimler Aktiengesellschaft

29. Park, Jennifer Kennedy, Esq., counsel for Robert Bosch GmbH

30. Robert Bosch GmbH

31. Robert Bosch GmbH, parent company of Robert Bosch North America Corporation

32. Robert Bosch LLC,

33. Robert Bosch North America Corporation, parent company of Robert Bosch LLC

34. Robert Bosch Stiftung GmbH, charitable foundation with majority ownership of Robert Bosch GmbH

35. Schifino, John A., Esq., counsel for Appellee Mercedes-Benz USA, LLC and Daimler Aktiengesellschaft

36. Schifino, William J., Esq., counsel for Appellees Mercedes-Benz USA, LLC and Daimler Aktiengesellschaft

37. Squire Patton Boggs, counsel for Appellees Mercedes-Benz USA, LLC and Daimler Aktiengesellschaft

38. Yoshino, Troy M., Esq., counsel for Appellees Mercedes-Benz USA, LLC and Daimler Aktiengesellschaft, and

39. Young, Thomas L., Esq., counsel for Appellant.

As a governmental agency, Appellant is not a publicly traded company or corporation. Defendant and Appellee Daimler AG is a publicly held German Aktiengesellschaft traded on the Frankfurt Stock Exchange with stock symbol "MBG." Mercedes-Benz Group AG does not have a parent corporation, and no publicly held corporation owns 10% or more of Mercedes-Benz Group AG's stock.

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellant Environmental Protection Commission of Hillsborough County, Florida respectfully requests oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(1) and Rule 28-1(c) of the Eleventh Circuit Rules.  Oral argument is warranted in this case because it raises important legal issues regarding the pleading standard of Rule 8 of the Federal Rules of Civil Procedure, and specifically its application to the Rules of the Environmental Protection Commission.

# **TABLE OF CONTENTS**

Certificate of Interested Persons ...................................................................C-1

Statement Regarding Oral Argument ................................................................i

Table of Authorities ........................................................................................ iii

Jurisdictional Statement ...................................................................................1

Statement of the Issues ....................................................................................1

Statement of the Case ......................................................................................2

Summary of the Argument ...............................................................................7

Argument ..........................................................................................................9

    I.    Standard of Review ...............................................................................9

    II.    The District Court Erred in Dismissing Appellant's Well-
          Pleaded Complaint. ...................................................................10

    III.    The District Court Erred in Not Allowing Appellant the
          Opportunity to Amend its Complaint. ......................................14

Conclusion ......................................................................................................22

Certificate of Compliance ..............................................................................24

Certificate of Service ......................................................................................25

# TABLE OF AUTHORITIES

## Cases

*ABB Turbo Sys. AG v. Turbousa, Inc.*,
  774 F.3d 979 (Fed. Cir. 2014) .................................................................. 11, 12, 14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)............................................................................. 7, 10, 11, 14

*Barrett v. Scutieri*,
  281 F. App'x 952 (11th Cir. 2008).........................................................................15

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)....................................................................................... passim

*Bryant v. Dupree*,
  252 F.3d 1161 (11th Cir. 2001) .................................................................... passim

*Daniel v. Hancock Cnty. Sch. Dist.*,
  626 F. App'x 825 (11th Cir. 2015).................................................................... 6, 10

*Freeman v. First Union Nat.,*
  329 F.3d 1231 (11th Cir. 2003) ...........................................................................10

*Harrison v. Benchmark Elecs. Huntsville, Inc.*,
  593 F.3d 1206 (11th Cir. 2010) ...........................................................................11

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
  959 F.3d 1201 (9th Cir. 2020) .............................................................................18

*Inman v. Am. Paramount Fin.*,
  517 F. App'x 744 (11th Cir. 2013) .................................................... 17, 18, 20, 21

*Resnick v. AvMed, Inc.*,
  693 F.3d 1317 (11th Cir. 2012) ..........................................................................6, 9

*Swierkiewicz v. Sorema N.A.*,
  534 U.S. 506 (2002)................................................................................. 7, 10, 11

*Thomas v. Town of Davie*,
  847 F.2d 771 (11th Cir. 1988) .............................................................................15

*Volkswagen Group of America, Inc. v. The Environmental Protection Commission of Hillsborough County, Florida*,
  142 S. Ct. 521 (2021) ............................................................................5

## Statutes

28 U.S.C. 1291 ...........................................................................................1

28 U.S.C. § 1332 .........................................................................................1

## Rules

Fed. R. Civ. P. 8 ............................................................................... passim

Fed. R. Civ. P. 9(b) ............................................................................ 7, 10

Fed. R. Civ. P. 12(b)(6) ...........................................................................17

Federal Rule of Civil Procedure 15 ................................................. 8, 15

## JURISDICTIONAL STATEMENT

The District Court had diversity jurisdiction over the underlying matter pursuant to 28 U.S.C. § 1332, because Appellant Environmental Protection Commission of Hillsborough County, Florida ("EPC") is a citizen of the State of Florida for diversity purposes, no defendant is a citizen of Florida, and the amount in controversy exceeds $75,000.  This Court has jurisdiction over this appeal pursuant to 28 U.S.C. 1291 because Appellant appeals from a final judgment by a District Court in this Circuit.  The judgment was entered on September 30, 2022 and Appellant filed a timely notice of appeal the same day.

## STATEMENT OF THE ISSUES

1. Whether the District Court erred in dismissing the Environmental Protection Agency of Hillsborough County, Florida's complaint when the complaint was adequately pleaded pursuant to the pleading standards set forth in Federal Rule of Civil Procedure 8.

2. Whether the District Court erred in not allowing the Environmental Protection Agency of Hillsborough County, Florida ("EPC"), to amend its complaint after dismissal when the EPC demonstrated it could add additional detail.

## STATEMENT OF THE CASE

This appeal arises from Appellant Environmental Protection Commission of Hillsborough County, Florida's ("EPC") underlying action against Mercedes-Benz USA, LLC ("Mercedes"), Daimler Aktiengesellschaft ("Daimler AG") and Robert Bosch GmbH[1] (collectively "Defendants") for the "defeat device" software installed on and updated in certain Mercedes vehicles from 2007 to 2016.  Doc. 156 at ¶ 26.  A "defeat device" is coded in the software of the vehicle's emissions control system to bypass the emissions control system and allow the vehicle to emit higher levels of pollutants.  *Id.* at ¶¶ 2, 8.

The specific defeat device used in the Mercedes vehicles was designed to detect when the vehicles are undergoing official emissions testing and turns on full emissions controls only during the test.  *Id.* at ¶ 47.  The defeat device thus suppresses emission controls when the vehicles otherwise sense they are not in a test environment.  *Id.* at ¶¶ 1, 47.  For years, the Defendants continued their scheme, selling approximately 250,000 affected vehicles in the United States, including in Hillsborough County, Florida.  *Id.* at ¶ 4.  The Defendants continued to modify and update the vehicles' emissions control system, all the while enhancing the vehicles' ability to cheat emissions standards.  *Id.* at ¶¶ 47, 53, 60-61, 63, 82, 85-86, 89.  As a

---

[1] Prior to the Court's final dismissal of the case, Appellant filed a voluntary dismissal of Robert Bosch GmbH which was granted on August 15, 2022.  Doc. 181.  Appellant therefore does not appeal any claims against Robert Bosch GmbH.

result, Defendants violated EPC Rule 1-8, which prohibits, *inter alia*, both the "intentional inactivation, disconnection, removal, or other modification" of the emission control system that results in the circumvention, defeat, or a deleterious effect to the emission control system, as well as the manufacture or installation of defeat devices. Mobile Source, EPC Rule Chapter 1-8 (2012). In its Fourth Amended Complaint ("FAC"), Appellant specifically alleges detailed factual allegations describing the defeat devices, the relationship between the Defendants, the environmental and human impacts of Defendants' scheme, and how the Defendants violated EPC Rule 1-8. *See, e.g.*, Doc. 156 at ¶¶ 3-8, 45-49, 55, 57-63, 67-75, 82-83, 85-86, 91, 103-07, 109-111.

Prior to Appellant's filing of the FAC, the District Court entered an order on April 18, 2022, granting the Defendants' Motion to Dismiss Appellant's Third Amended Complaint. Doc. 153. The District Court asserted that information was lacking "about when any recalls or field fixes occurred . . . [and] how the field fixes, recalls, or post-sale software updates tampered with the vehicles' emission control system . . . ." *Id.* at 15. Because the District Court essentially required Appellant to meet a heightened Rule 9(b) pleading standard, Appellant filed a Motion to Reconsider on April 18, 2022, respectfully requesting the District Court reconsider its grant of dismissal. Doc. 154. The District Court denied this motion on May 13, 2022, but did not address Appellant's allegations that the Third Amended Complaint

included sufficient detail to allege violations of EPC Rule 1-8 as a result of Defendants' post-sale updates and recalls (and stated only that Appellant's theory that Defendants' failure to remove the defeat device during any maintenance on the vehicle was not a plausible claim).  Doc. 166.

In dismissing Appellant's Third Amended Complaint, the District Court also allowed Appellant fourteen days to amend its complaint to "plead greater detail about the software updates, field fixes, and recalls on which its claims rely."  Doc. 153 at 16.  The detail the Court requested included "when" and "how" the field fixes, recalls, or post-sale software updates occurred.  *Id.* at 15.  Such detailed factual allegations are not required in a complaint subject to the pleading standards of Rule 8.  Nonetheless, Appellant was in the process of obtaining these details through third-party discovery and planned to use such information to amend its complaint with the detail the Court requested.  *See* Doc. 155.  Because Appellant was still waiting on responses from the Freedom of Information Act ("FOIA") request and public record request it issued on March 17, 2022, to the Environmental Protection Agency ("EPA") and California Air Resources Board ("CARB"), respectively, Appellant requested additional time to amend its complaint.  *Id.*

Appellant filed its Motion for Extension on April 28, 2022.  *Id.*  However, when the deadline set by the District Court to amend its complaint arrived with no

order from the District Court, Appellant filed a FAC[2] on May 2, 2022, so as not to waive its right to amend. *See* Doc. 156. However, Appellant expressly stated it was filing the amendment in compliance with the District Court's prior order, and it reserved its rights under its Motion for Extension of Time to File a FAC. *Id.* at 1 n.1. Appellant asked that if the District Court granted the Motion for Extension of Time, it consider the complaint filed on May 2, 2022, moot. *Id.*

The District Court instead ruled that Appellant's filing of a FAC (on the deadline, before the Court ruled on the Motion for Extension of Time) mooted its Motion for Extension of Time. Doc. 160. The District Court also stated Appellant had not established good cause to extend its amendment deadline and that Appellant was "free to conduct discovery for many months." *Id.*

When filing its FAC, Appellant added the details of Defendants' post-sale updates of which it was aware at the time. *See* Doc. 156. Defendants filed a Motion

---

[2] Plaintiff's original Complaint, Doc. 1, and its First Amended Complaint, Doc. 3, were both filed on September 24, 2020. Plaintiff's Second Amended Complaint was filed on September 25, 2020. Doc. 7. Each of these filings were to correct technical issues with the original Complaint (specifically, an issue with the signature block and another with allegations regarding Defendants' citizenship) and made no substantive changes. *Compare* Doc. 1 with Doc. 3 and Doc. 7. On February 24, 2021, the Court stayed this action pending the United States Supreme Court's decision on whether to grant certiorari in *Volkswagen Group of America, Inc. v. The Environmental Protection Commission of Hillsborough County, Florida*, 142 S. Ct. 521 (2021) to decide whether Appellant's claims against Volkswagen (which are similar to the claims brought against Defendants in this case) were preempted by the federal Clean Air Act. Doc. 81. After the Supreme Court denied certiorari (and thus leaving the Ninth Circuit's decision that claims for post-sale tampering are not preempted), the Court lifted the stay on November 19, 2021. Doc. 97. On December 16, 2021, Appellant filed its Third Amended Complaint. Doc. 116. Shortly thereafter, Plaintiff issued its FOIA and public records requests to the EPA and CARB. Essentially, because of the stay, litigation of this matter did not begin until nearly December of 2021.

to Dismiss the FAC on May 16, 2022. Doc. 167. The Court again granted the Defendants' Motion to Dismiss on September 20, 2022, dismissing Appellant's claims with prejudice. Doc. 185. In this Order, the District Court claims Appellant "did not have to add the exact details suggested by the Court in the prior Order dismissing the third amended complaint," but that Appellant still had "to provide some additional information regarding the impact of the field fixes, recalls, or post-sale software updates on the vehicles' emission control systems." *Id.* at 11.

Because the Order dismissing the case was with prejudice, Appellant was not given an opportunity to amend its complaint to add any information obtained from its FOIA or public records requests to EPA and CARB. Instead, Final Judgment was entered on September 30, 2022. Doc. 188. Appellant filed its Notice of Appeal the same day. Doc. 189.

This Court reviews the District Court's dismissal of Appellant's complaint for failure to state a claim upon which relief may be granted *de novo*. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012). Similarly, denial of leave to amend "due to futility" is reviewed *de novo*, while denial of a motion to amend is reviewed for abuse of discretion. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *Daniel v. Hancock Cnty. Sch. Dist.*, 626 F. App'x 825, 829 (11th Cir. 2015).

## SUMMARY OF THE ARGUMENT

Appellant's Fourth Amended Complaint ("FAC") was sufficiently pleaded in accordance with Federal Rule of Civil Procedure 8.  Specifically, the Federal Rules and several years of Supreme Court precedent require a plaintiff to plead only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting Fed. R. Civ. P. 8).  Rule 8 "does not require 'detailed factual allegations' . . . ." *Id.* at 677-78.

The District Court's requirement that Appellant include detailed factual allegations is incorrect in light of the applicable caselaw.  *See* Doc. 167 at 11. Appellant did not plead a fraud or similar count that would subject its complaint to the heightened scrutiny of Federal Rule of Civil Procedure 9(b).  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (identifying cases involving fraud or mistake as the few exceptions to Rule 8's pleading standard).  Rather, the purpose of Rule 8 is to give a defendant "fair notice" of the basis for the claims against it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The FAC contains more-than-sufficient allegations to put Defendants on "fair notice" of the claims against them.  The FAC details that Defendants knowingly designed, engineered, tested, and installed post-sale updates in vehicles across the United States through both regular maintenance and by field fixes or recalls.  Doc. 156 at ¶¶ 7-9, 15-19, 25-27, 31, 40-63, 82-89.  The FAC further pleads that by

implementing these post-sale updates and modifications into the affected vehicles, the vehicles emissions systems were tampered with and emissions were increased. *Id.* at ¶ 85. Accordingly, each time Mercedes installed post-sale updates with a defeat device, or a modification to the defeat device, to work around the emissions control system of Mercedes vehicles, it was in violation of EPC Rule 1-8. *See id.* at ¶¶ 63, 104-06. Thus, "detailed factual allegations" such as the when, why, where, or how of the post-sale updates or modifications, are not required to meet the pleading standard of Rule 8. Dismissal of Appellant's claims was thus erroneous and should be reversed.

Furthermore, at a minimum, Appellant should have been permitted the opportunity to amend its complaint prior to dismissal with prejudice. Federal Rule of Civil Procedure 15(a) provides that a court should give leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court may disallow amendment where there exists some undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies, or where amendment would be futile or would prejudice the defendants. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). None of these circumstances existed in the underlying case.

Allowing Appellant to amend its complaint would not result in undue delay, bad faith, dilatory motive, or prejudice to defendants—and the record below does not assert as such. Further, contrary to the District Court's assertion that Appellant

has had several opportunities to cure the deficiencies in its complaint, the District Court permitted Appellant only fourteen days to amend after its Third Amended Complaint was dismissed.  Doc. 153 at 16.  Appellant requested additional time to receive third-part discovery that had been issued and was pending for several months before the dismissal of the Third Amended Complaint.  Doc. 155.  The District Court denied this motion and again dismissed Appellant's case after requiring "additional information regarding the impact of the field fixes, recalls, or post-sale software updates on the vehicles' emission control systems."  Doc. 167 at 11.  This dismissal was with prejudice, even though Appellant had explained that given additional time, it could add the level of detail the District Court requested, thus demonstrating that amendment would not be futile.  Appellant should therefore have, at minimum, been given an opportunity to amend its complaint to meet the level of detail the District Court demanded.

## ARGUMENT

### I.    Standard of Review

This Court reviews the District Court's dismissal of Appellant's complaint for failure to state a claim upon which relief may be granted *de novo*.  *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012).  And while a denial of a motion to amend is reviewed for abuse of discretion, *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001), a denial of leave to amend "due to futility" is reviewed *de novo* because

the district court "is concluding that as a matter of law an amended complaint 'would necessarily fail.'"  *Daniel v. Hancock Cnty. Sch. Dist.*, 626 F. App'x 825, 829 (11th Cir. 2015) (quoting *Freeman v. First Union Nat.,* 329 F.3d 1231, 1234 (11th Cir. 2003)).

## II.    The District Court Erred in Dismissing Appellant's Well-Pleaded Complaint.

Appellant's Fourth Amended Complaint ("FAC") was sufficiently pleaded in accordance with Federal Rule of Civil Procedure 8.  The Federal Rules of Civil Procedure require that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting Fed. R. Civ. P. 8).  This pleading standard established by Rule 8 applies in all civil cases, except where certain exceptions for fraud and mistake require the heightened pleading standard of Rule 9(b).  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).  The Supreme Court has routinely "declined to extend such exceptions to other contexts."  *Id.*

Well-established Supreme Court precedent is clear that Rule 8 "does not require 'detailed factual allegations,'" but just requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 677-78 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In essence, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678

(quoting *Twombly*, 550 U.S. at 570).  Facial plausibility exists when plaintiff pleads sufficient content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The purpose of Rule 8's pleading standard is to give a defendant "fair notice" of the basis for the claims against it. *Twombly*, 550 U.S. at 555; *Swierkiewicz*, 534 U.S. at 512; *ABB Turbo Sys. AG v. Turbousa, Inc.*, 774 F.3d 979, 984 (Fed. Cir. 2014); *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010).  For instance, the plaintiff in *ABB Turbo Systems AG* alleged state-law torts of misappropriation of trade secrets and conspiracy to misappropriate trade secrets and included facts regarding the plaintiff's efforts to keep its information confidential.  774 F.3d at 981.  Specifically, the plaintiff stated its security efforts "includ[ed] imposing confidentiality and nondisclosure obligations on [plaintiff's] employees that have access to [the trade secrets]" and marking documents with secret information with confidentiality designations. *Id.*  The district court dismissed the complaint after holding the plaintiff did not sufficiently allege facts showing it reasonably protected its trade-secret information, in accordance with Florida law. *Id.* at 986.  The Federal Circuit, applying the standards of *Twombly* and *Iqbal*, concluded that the Middle District of Florida "was too demanding of specificity and too intrusive in making factual assessments." *Id.*  Rather, the Federal Circuit

reasoned the plaintiff alleged "enough facts to state a claim to relief that is plausible on its face" and "nudged [its] claims across the line from conceivable to plausible." *Id.* (quoting *Twombly*, 550 U.S. at 570) (alteration in original).  The plaintiff was therefore not required to plead all details as to its own security measures.

Appellant's FAC similarly contains more-than-sufficient allegations to put Defendants on "fair notice" of the claims against them.  For example, the FAC pleads Defendants knowingly designed, engineered, tested, and installed post-sale updates in vehicles[3] across the United States, including in Hillsborough County.  Doc. 156 at ¶¶ 7-9, 15-19, 25-27, 31, 40-63, 82-89.  Specifically, the FAC identifies that, due to the steady service required by Mercedes vehicles to remain operative, numerous post-sale updates to the emissions control systems of the vehicles at issue have been implemented and installed.  *Id.* at ¶ 60.  The FAC further explains that it is "industry standard" for post-sale software updates to be made available to dealerships via web-based computer programs.  *Id.* at ¶ 61.  The FAC elaborates that when a vehicle is brought to a dealership for maintenance, the dealership inputs the vehicle identification number ("VIN") into the computer program, which lists all available and outstanding software updates for each particular vehicle, which are then implemented at that time—often without the owner's or lessee's knowledge or

---

[3] The FAC also clearly identifies the affected vehicles as "(all models 2007-2016) ML 320, ML 350, GL 320, E320, S350, R320, E Class, GL Class, ML Class, R Class, S Class, GLK Class, GLE Class, and Sprinter.  Doc. 156 at ¶ 26.

consent. *Id.* Additionally, the FAC states that manufacturers, including Mercedes, also issue post-sale software changes pursuant to a field fix or recall via over-the-air updates, wherein vehicles receive software updates via satellite or Wi-Fi connections. *Id.* The FAC pleads that by implementing post-sale updates and modifications into the affected vehicles, the vehicles' emissions systems were tampered with and emissions were increased. *Id.* at 85. Accordingly, each time Mercedes installed post-sale updates with a defeat device, or a modification to the defeat device, to work around the emissions control system of Mercedes vehicles, it was in violation of EPC Rule 1-8. *See id.* at ¶¶ 63, 104-06.

Moreover, the FAC also specifically points to the Joint Consent Decree filed by the EPA and CARB with Mercedes, which referenced CARB's lawsuit based on Mercedes' "prohibited Defeat Devices, as well as several unreported, unapproved running changes and ***field fixes***, that have resulted in, and continue to result in, increased NOx emissions from each Subject Vehicle significantly in excess of California limits." *Id.* at ¶ 84 (quoting Doc. 2-1, Joint Consent Decree, *California v. Daimler AG and Mercedes-Benz USA, LLC*, Civil Action No. 1:20-cv-2565 in the District of Columbia, at 2) (emphasis added)). The FAC further points to the fact that the Mercedes vehicles contain the same engine technology and Bosch-designed software device as the vehicles contained in the Volkswagen litigation; the vehicles would thus have required the same or similar recall-related software updates to make

the defeat devices function more effectively (and help the auto manufacturers further cheat U.S. emissions standards).  *Id.* at ¶ 86.

All of this information is sufficient to satisfy the pleading requirement of Rule 8 and put the Defendants on "fair notice" of the claims against them.  Like in *ABB Turbo Systems AG*, where the plaintiff alleged it has security measures in place but the district court demanded too much specificity and intruded too far into factual assessments, the District Court below also erroneously required Appellant to plead extraneous "additional detail" that is not necessary to satisfy Rule 8.  774 F.3d at 986; Doc 185 at 11; *see also Iqbal* 556 U.S. at 677-78 (quoting *Twombly*, 550 U.S. at 555) (concluding Rule 8 "does not require 'detailed factual allegations'").  Consequently, the "who, what, when, where, and how" need not be alleged, and the absence of that much specificity is not fatal to the complaint.  Appellant sufficiently alleged that Defendants designed and implemented post-sale updates that affected the emissions control system of the affected vehicles.  Doc. 156 at ¶¶ 7-9, 15-19, 25-27, 31, 40-63, 82-89.  The Defendants' Motion to Dismiss the FAC should therefore have been denied, and this Court should reverse the District Court's grant of dismissal.

## III.   The District Court Erred in Not Allowing Appellant the Opportunity to Amend its Complaint.

By dismissing the FAC with prejudice and thus not allowing Plaintiff to amend, the District Court erred, especially after Plaintiff had demonstrated it could

obtain and add additional detail regarding the Defendants' post-sale updates.

"Dismissal with prejudice is a sanction of last resort, applicable only in extreme circumstances." *Barrett v. Scutieri*, 281 F. App'x 952, 954 (11th Cir. 2008). In fact, Federal Rule of Civil Procedure 15(a) provides that a court should give leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). This directive in the Federal rules "severely restrict[s]" a district court's discretion to dismiss a complaint without leave to amend. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)). However, a court may disallow amendment when "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed," where amendment "would cause undue prejudice to the opposing party," or "where amendment would be futile." *Id.*

Where a plaintiff does not have a sufficient opportunity to amend its complaint and amendment would not be futile or prejudice defendants, a district court should freely allow the plaintiff to amend. *See id.* at 1163-64. For instance, the district court in *Bryant* dismissed the plaintiffs' amended complaint and gave several reasons for its dismissal—none of which this Court found valid. *Id.* First, the district court claimed the plaintiffs had already had an opportunity to amend their complaint. *Id.* at 1163. Instead, this Court concluded that the amended complaint was filed as a matter of course and that the plaintiffs did not ask for leave to amend until the

renewed motion to dismiss came before the district court; thus, the plaintiff had not been given an opportunity to amend nor had plaintiffs repeatedly failed to cure deficiencies through previously allowed amendments. *Id.* at 1164.

Second, the district court in *Bryant* stated that it had given plaintiffs notice of the possible deficiencies in their complaint, which they did not cure with their amended complaint. 252 F.3d at 1164. To the contrary, this Court held the prior opinions actually gave the impression that the complaint satisfied the relevant pleading standard. *Id.* Next the district court denied leave to amend because of futility in light of the fact that the amended complaint contained "few if any new allegations." *Id.* Because of the prior impression that the complaint met the pleading standard, as well as the plaintiffs' indication that, if given the chance, they would meet the pleading requirement, this Court concluded that amendment would not be futile. *Id.* And finally, despite the district court's holding that amendment would prejudice the defendants due to the length of litigation, this Court held that "[t]he lengthy nature of litigation, without any other evidence of prejudice to the defendants or bad faith on the part of the plaintiffs, does not justify denying the plaintiffs the opportunity to amend their complaint." *Id.* As there was no evidence that allowing an amendment at the current stage of litigation would prejudice the defendants, this Court held amendment should have been allowed. *Id.*

Moreover, in the case cited by the District Court to justify its decision to grant dismissal with prejudice, Doc. 185 at 14, the plaintiff made multiple substantive amendments to its complaint prior to the court's dismissal with prejudice. *Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 746-47 (11th Cir. 2013). The plaintiff first amended its complaint to add claims against an additional defendant. *Id.* at 746. When that defendant filed a motion to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court concluded the amended complaint failed to satisfy the pleading standards of both Rule 8 and Rule 9(b) and dismissed the amended complaint without prejudice. *Id.* The plaintiff's second amended complaint was dismissed for lack of subject matter jurisdiction, and after plaintiff filed a third amended complaint, the defendant again moved to dismiss pursuant to Rule 12(b)(6). *Id.* The district court dismissed certain of plaintiff's claims again, but afforded the plaintiff yet another opportunity to plead its claims with sufficient particularity. *Id.* at 747. The court then specifically identified the deficiencies in the plaintiff's complaint and expressly stated the facts the plaintiff needed to include to survive dismissal with prejudice. *Id.* Instead of filing an amended complaint, the plaintiff moved to voluntarily dismiss its claims, which the district court denied, and concluded that the failure to file an amended complaint within the period allowed operated as a dismissal with prejudice. *Id.* This Court upheld the district court's decision, concluding that the claims were insufficiently

17

pleaded and that it was within the court's discretion to dismiss the complaint with prejudice after the plaintiff failed to amend its complaint with the particular facts the plaintiff was instructed by the lower court to plead.  *Id.* at 748, 750.

None of the circumstances justifying denial of leave to amend were present when the district court granted dismissal with prejudice.  Similar to the plaintiff in *Bryant*, whose first amended complaint was filed as a matter of course and who had not failed to cure deficiencies through previously allowed amendments, 252 F.3d at 1164, Appellant amended its complaint initially to correct technical issues and make changes to conform with the Ninth Circuit's decision in *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 959 F.3d 1201 (9th Cir. 2020), and was not given a full and fair opportunity to cure the deficiencies the District Court purported to find in Appellant's Third Amended Complaint.  Contrary to the District Court's opinion that dismissal with prejudice was appropriate because Appellant had amended its complaint four times in two years, Doc. 185 at 14, only two of these amendments included additional substantive information.

Appellant's first amendment to the complaint was filed the same day as the initial complaint to fix a signature block error.  Doc. 3.  The second amendment occurred after the District Court ordered the Appellant to add information regarding the citizenship of Mercedes-Benz USA, LLC and Robert Bosch, LLC.  Doc. 7, *see also* Doc. 6.  The third amendment occurred after the Ninth Circuit's decision in *In*

*re Volkswagen*, 959 F.3d 1201, included substantive changes in line with the Ninth Circuit's decision on preemption, and was made prior to the District Court even ruling on any Defendant's motion to dismiss. Doc. 116. Then, after the Third Amended Complaint was dismissed, Appellant specifically requested more than the fourteen days given by the District Court to amend its complaint, so as to obtain and include additional, specific details that the District Court requested regarding Defendants' post-sale updates. Doc. 155. The District Court denied this request; accordingly, even the additional substantive allegations included in the Fourth Amended Complaint were minimal. Doc. 160; *compare* Doc. 116 *with* Doc. 156.

In fact, Appellant specifically informed the District Court that it expected the documents and information obtained from the FOIA request and public records request it issued to EPA and CARB would contain information that would allow Appellant to amend into its complaint the specific detail the District Court requested when dismissing the Third Amended Complaint. Doc. 155 at 5. Appellant gave the District Court detailed information describing what it requested from these agencies and where Appellant was in the process of obtaining the requested documents. *Id.* at 5-6. In doing so, Appellant clearly demonstrated that it could include additional detail such that further amendment would not be futile.

The District Court nonetheless denied Appellant's motion for extension of time to file its FAC, stating that Appellant had "not established good cause to extend

its amendment deadline . . . ." Doc. 160. Then, in denying the FAC with prejudice, the District Court stated that Appellant "did not have to add the exact details suggested by the Court in the prior Order dismissing the third amended complaint," but that the FAC was still lacking "additional information regarding the impact of the field fixes, recalls, or post-sale software updates on the vehicles' emissions control systems." Doc. 180 at 11.

These facts further highlight the differences between Appellant's case and the *Inman* case cited by the District Court. In *Inman*, the district court dismissed the plaintiff's complaint ***three*** times and identified specific, detailed information the plaintiff needed to include in its fourth amended complaint to state a claim upon which relief could be granted. 517 F. App'x at 746-47. Here, the District Court only afforded Appellant one opportunity to amend its complaint, but not even a full and fair opportunity to amend, as it denied Appellant's request for more time to ensure that its FAC included the detail the District Court requested in its order granting dismissal of the Third Amended Complaint. Doc. 153, Doc. 160. Additionally, the *Inman* Court dismissed the plaintiff's case with prejudice after the plaintiff failed to amend its complaint to include the specific facts the district court instructed the plaintiff to include.[4] 517 F. App'x at 747. Appellant did not fail to include specific

---

[4] While its Motion for Extension of Time, Doc. 155, was pending, the deadline set by the District Court to file the Fourth Amended Complaint arrived. So as not to encounter the same fate as the plaintiff in *Inman* who failed to amend its complaint within the deadline set by the district court,

facts required by the District Court, because apparently the District Court was not requiring Appellant to plead the specific factual detail it requested in dismissing the Third Amended Complaint. *See* Doc. 180 at 11 (stating Appellant "did not have to add the exact details suggested by the Court in the prior Order dismissing the third amended complaint").

Finally, allowing Appellant an additional opportunity to amend its complaint would not prejudice the Defendants, and the District Court's order did not indicate as much. *See* Doc. 185. This case is still in the early stages of litigation. Specifically, a lengthy stay of litigation pending the Supreme Court's decision on whether to grant certiorari to decide whether similar claims against Volkswagen were preempted by the Clean Air Act was implemented shortly after Appellant filed its complaint. *See* Doc. 81. Accordingly, this litigation did not truly start progressing until late November of 2021, when the stay was lifted. Doc. 97. At the time the District Court dismissed Appellant's FAC, the parties were already engaging in the discovery process, had exchanged discovery requests, and had negotiated Confidentiality and Clawback Orders. *See* Doc. 182. The parties could

---

517 F. App'x at 747, Appellant filed the FAC, but explained that it did not include the detail expected from the EPA and CARB documents requested and asked the District Court to moot the FAC if it granted Appellant's Motion for Extension of Time. Doc. 156 at 1 n.1. Instead, the District Court held that Appellant's filing of the FAC mooted its Motion for Extension of Time. Doc. 160.

proceed as they were with the discovery process should Appellant be permitted to amend its FAC.

Therefore, to the extent this Court agrees with the District Court that the FAC is lacking sufficient detail to satisfy the pleading standard of Rule 8, the Court should nonetheless reverse the District Court's dismissal with prejudice and allow Appellant the opportunity to amend its complaint and include details obtained through its FOIA and public records request from EPA and CARB.

## **CONCLUSION**

For the reasons stated herein, the Court should reverse the District Court's dismissal of Appellant's Fourth Amended Complaint with prejudice.  The Fourth Amended Complaint contained sufficient detail to put the Defendants on fair notice of the claims against them.  Alternatively, Appellant should have been permitted to amend its complaint to add the additional detail the District Court required.

Dated: November 21, 2022

Respectfully submitted,

*/s/ C. Lance Gould*
Counsel for Appellant

W. Daniel "Dee" Miles, III.
C. Lance Gould
Rachel N. Minder
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343
Dee.Miles@BeasleyAllen.com
Lance.Gould@BeasleyAllen.com
Rachel.Minder@BeasleyAllen.com

## <u>CERTIFICATE OF COMPLIANCE</u>

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5794 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared with a minimum font size of 14-point Times New Roman, a proportionally spaced font, using Microsoft Word.

/s/ C. Lance Gould
OF COUNSEL

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2022, a true and accurate copy of the foregoing was filed with the Court via CM/ECF, which will send a notice of electronic filing to all counsel of record, and by paper copies sent via U.S. Postal Service.

*/s/ C. Lance Gould*